
FILED
FEB 16 2016
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA HELM,<br><br>Defendant. | CR 15-57-BLG-SPW<br><br>OPINION and ORDER |

Defendant Joshua Helm moves to dismiss his case for pre-Indictment delay. (Doc. 69). For the following reasons, the Court denies the motion.

I. **Background**

Helm was arrested on outstanding state warrants on July 22, 2014, August 16, 2014, and September 3, 2014. He was federally indicted for the same conduct on May 22, 2015, (doc. 1) and arrested on federal charges on May 29, 2015. (Doc. 9). Helm has filed four motions to continue his trial date. (Docs. 13, 33, 60. 65). Helm's trial is set for February 18, 2016. (Doc. 76).

1

## II. Analysis

Helm argues that the government unnecessarily and prejudicially delayed indicting him in violation of Federal Rule of Criminal Procedure 48(b) and the Speedy Trial Act. The Court addresses Helm's arguments in order.

### a. Pre-Indictment Delay

Helm first argues that the government intentionally delayed seeking an indictment. Helm fails to provide any evidence in support of his argument.

"Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). However, there may be circumstances where the government violates the Fifth Amendment's Due Process Clause as a result of excessive pre-indictment delay. *Id.*

To succeed on a pre-indictment delay argument, the defendant must meet both prongs of a two-part test. *Id.* First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* (citation omitted). This prong "is a heavy burden that is rarely met." *Id.* (citation omitted). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995). Instead, the defendant must present "definite and non-speculative evidence" that missing evidence has meaningfully impaired his ability to defend himself and is

2

prejudicial to his case. *Corona-Verbera*, 509 F.3d at 1112. Generally, "protection from lost testimony falls solely within the ambit of the statute of limitations." *Id.* at 1113.

For the second prong, the defendant must "show that the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989). The defendant must prove that the government delayed the indictment to gain an unfair "tactical advantage over the accused." *United States v. Lovasco*, 431 U.S. 783, 795 (1977). Prosecutors "have wide latitude to decide when to seek an indictment," and an ongoing investigation is a legitimate reason for delay. *Sherlock*, 962 F.2d at 1355.

Helm does not meet either prong of the test. As to the first prong, Helm fails to offer any evidence or argument that he has suffered actual, non-speculative prejudice from the delay. Helm's argument that the government's delay prejudiced him because he was able to commit more crimes in the interim is frivolous and unpersuasive. He fails to point to any legitimate argument that he suffered prejudice, so he does not meet his heavy burden of showing actual prejudice. Since Helm has not shown actual prejudice, the Court is not required to reach the second prong of the test. *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992).

Even if Helm had met the first prong, however, he cannot meet the second prong because, again, he has no evidence the government delayed the indictment to gain a tactical advantage. The government is "under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *Lovasco*, 431 U.S. at 791. Because Helm cannot meet either prong of the test, the government did not violate the Due Process Clause by delaying the Indictment until May 2015.

### b. Rule 48(b)

Helm also argues that the government's unnecessary delay in indicting him violated the first two prongs of Federal Criminal Rule of Procedure 48(b). He is wrong. According to Rule 48(b), "The court may dismiss an indictment . . . if unnecessary delay occurs in (1) presenting a charge to a grand jury; [or] (2) filing an information against a defendant[.]" Rule 48(b) "clearly is limited to post-arrest situations." *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007) (quoting *United States v. Marion*, 404 U.S 307, 319 (1971)); *see also United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005) ("Rule 48(b) comes into play only after a defendant has been placed under arrest.") Helm's reliance on this rule to support his claim of unlawful pre-trial delay is misplaced. *Id.*

### c. Speedy Trial Act

Helm argues that because he was arrested on July 22, 2014, the government was required to indict him within 30 days of that date. Again, he is wrong.

Under the Speedy Trial Act, an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If a violation occurs, the Act mandates dismissal:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1). The general rule is that only a "federal" arrest triggers the running of the Speedy Trial Act, regardless of the degree of federal involvement in the state law enforcement activities. *See United States v. Redmond*, 803 F.2d 438, 440 (9th Cir. 1986). The Ninth Circuit "has repeatedly declined to apply the Speedy Trial Act in situations where the defendant's detention is not pursuant to federal criminal charges, even though federal criminal authorities may be aware of and even involved with that detention." *United States v. Cepeda–Luna*, 989 F.2d 353, 356. *See also United States v. Johnson*, 953 F.2d 1167, 1172 (9th Cir.) (although F.B.I. actively participated in criminal investigation, Speedy Trial Act

5

commenced only upon federal indictment and not defendant's arrest and incarceration by state authorities).

Helm was arrested under a state warrant on July 22, 2014. His arrest was not "federal" until May 22, 2015. From that point forward, he has requested five trial continuances. His right to speedy trial has not been violated.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Helm's Motion to Dismiss for Pre-Indictment Delay (doc. 69) is DENIED.

DATED this 16th day of February 2016.

SUSAN P. WATTERS
United States District Judge